J. Clarence Herlihy, J.
This action is brought under sections 40 and 41 of the Civil Eights Law to recover money damages by way of a penalty because of alleged discrimination based upon plaintiff’s claim that defendant refused to serve him in its dining room on August 12,1956. Plaintiff, a colored man, claims discrimination because of race and color.
The defendant denies the various allegations set forth in the complaint of the plaintiff.
The action was tried before the court without a jury at the October, 1956 Term of the Supreme Court of Elizabethtown, New York.
A brief statement of facts is as follows: Plaintiff and Reverend Zecharias A. Jones, a colored minister, arrived at Elizabeth-town on Friday, August 10,1956, registered at defendant’s hotel and were assigned individual rooms. They remained at the hotel until August 12, 1956. Reverend Jones testified that it was his recollection he had one or two meals at the hotel prior to Sunday morning when he entered the dining room and received and ate his breakfast. He had no complaints concerning the service of the hotel and further testified he had been stopping there for approximately 35 years.
The plaintiff had no complaints concerning his treatment until Sunday morning. He testified that on that particular occasion he entered the dining room sometime after the Reverend Jones had left, seated himself at a table; a waitress brought him a menu and left; that a few minutes later another waitress returned and told him he could not eat in the dining room. After a few moments, plaintiff alleged, he left the dining room, went to the desk to complain, was told the proprietor was in the kitchen, went and made his complaint to the owner of the defendant corporation who was also one of its chefs. He alleges he received no satisfaction from him. The defendant and its employees claim that plaintiff was not refused the right to eat in the dining room but was told that if he were in a hurry, he could get faster service in the bar. These generally are the facts.
There was some conversation between plaintiff and employees of the defendant corporation and it appears to this court that said employees were discourteous.
Section 40 of the Civil Rights Law is entitled “ Equal rights in places of public accommodation, resort or amusement It reads in part as follows: "All persons within the jurisdiction of this state shall be entitled to the full and equal accommoda *283 tions, advantages, facilities and privileges of any places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any such place shall directly or indirectly refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof, or directly or indirectly publish, circulate, issue, display, post or mail any written or printed communication, notice or advertisement, to the effect that any of the accomodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of race, creed, color or national origin, or that the patronage or custom thereat, of any person belonging to or purporting to be of any particular race, creed, color or national origin is unwelcome, objectionable or not acceptable, desired or solicited.”
The purpose of the law is unequivocal. All persons within the jurisdiction of the State of New York are to be treated equally. It gives to none superior rights or inferior rights.
In the instant case, plaintiff had been accommodated and remained in the hotel for two days. His only complaint is the treatment accorded him at breakfast on Sunday morning. It was an unfortunate incident but could have happened to anyone, regardless of color. That there was no intended discrimination is best shown by the fact that Reverend Jones, of the same color and race, had been served his breakfast a short time earlier. These occasions happen to all persons at times because of impatient or discourteous employees. Under these circumstances this court is not of the opinion that the law should be extended to classify such occurrences discrimination.
The complaint of the plaintiff is dismissed on the merits and judgment should be entered in favor of the defendant. Submit order.